**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SHAVON JABBAR PRESCOTT, | : | CIVIL ACTION NO. |
| GDC ID # 1144810, Case # 821989, | : | 1:17-CV-02396-ODE-JCF |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DEBRA KAY JEFFERSON, | : | PRISONER CIVIL ACTION |
| Attorney at Law, | : | 42 U.S.C. § 1983 |
|     Defendant. | : | |

**MAGISTRATE JUDGE'S ORDER AND FINAL
REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner, seeks leave to proceed *in forma pauperis* ("IFP") in this civil action, which is now ready for an initial screening.

**I.   The Filing Fee**

Leave to proceed IFP is **GRANTED**. Because it appears that there are insufficient funds in Plaintiff's inmate account to pay an initial partial filing fee (*see* Doc. 2), no initial fee is required. But Title 28 U.S.C. § 1915(b)(2) obligates this Court to collect from Plaintiff the full statutory filing fee of $350.00 as funds are deposited into Plaintiff's inmate account; the $50.00 administrative fee is waived for a prisoner proceeding IFP. Plaintiff's custodian will deduct money from Plaintiff's account in monthly or other incremental installments in the amount of 20% of the

preceding month's income credited to the account, in each month in which the account balance exceeds $10.00, until the $350.00 fee is paid in full. The Warden of Plaintiff's place of incarceration or the Warden's designee **SHALL COLLECT** the monthly payments from Plaintiff's inmate account **AND REMIT** them to the Clerk of the United States District Court for the Northern District of Georgia until the $350.00 filing fee is paid in full, as verified by separate notice from the Clerk to the Warden. The Clerk **SHALL TRANSMIT** a copy of this Order to the Warden.

## II.  The Legal Framework

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success" — for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the

defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives." *Id.* at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

### III. Discussion

Plaintiff alleges violations of his constitutional rights by his appointed appellate counsel, including the alleged filing of a "perjured affidavit in [his] name" and the dismissal of all of his *pro se* filings. (Doc. 1 at 1-3). He asks this Court to order that his appointed appellate counsel be removed from his appeal; that his *pro se* filings be reinstated and that he be allowed to proceed *pro se*; and that the trial court and all others be enjoined from appointing counsel to represent him on appeal. (*Id.* at 4).

But Plaintiff may not sue a public defender in a § 1983 action based on the quality of the defender's legal representation. The Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's

3

traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (ordering the dismissal of respondent's § 1983 complaint against his public defender); *see Dorsey v. Mard*, 13-14875-F, 2014 U.S. App. LEXIS 24939, at *2 (11th Cir. June 3, 2014) ("A defense attorney, whether court-appointed or privately retained, represents only his client, not the state, and cannot be sued under § 1983." (citing *Dodson*)); *Burns v. Jorandby*, 332 Fed. Appx. 602, 603 (11th Cir. 2009) (citing *Dodson* and affirming dismissal of complaint against plaintiff's former public defenders because "taking the allegations in [plaintiff's] complaint as true, neither defendant was acting under color of state law, and neither may be sued under section 1983").

And to the extent that Plaintiff seeks this Court's interference in his ongoing state court proceedings, he has not plausibly alleged an extraordinary circumstance to justify that relief. *See Younger v. Harris*, 401 U.S. 37 (1971).

## IV. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for failure to state a plausible claim for relief. *See* 28 U.S.C. § 1915A.

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO ORDERED and RECOMMENDED** this 30th day of June, 2017.

　　　　　　　　　　　　　　　　 /s/ *J. CLAY FULLER*
　　　　　　　　　　　　　　　　J. CLAY FULLER
　　　　　　　　　　　　　　　　United States Magistrate Judge