FILED IN CHAMBERS
U.S.D.C. - Atlanta

JUL 24 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHAVON JABBAR PRESCOTT, <br> GDC ID # 1144810, <br>     Plaintiff, | : <br> : <br> : <br> : | CIVIL ACTION NO. <br> 1:17-CV-2396-ODE |
| v. | : <br> : | |
| DEBRA KAY JEFFERSON, <br> Attorney at Law, <br>     Defendant. | : <br> : <br> : | PRISONER CIVIL ACTION <br> 42 U.S.C. § 1983 |

## ORDER

This action is before the Court on the Final Report and Recommendation ("R&R") of Magistrate Judge J. Clay Fuller (Doc. 3), recommending that Plaintiff's complaint be dismissed because he may not sue a public defender under 42 U.S.C. § 1983. (R&R at 3-4). Plaintiff has filed objections. (Doc. 5 ("Objs.")).

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir.

1988)) (internal quotation marks omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Plaintiff objects and has reviewed the remainder of the R&R for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

Plaintiff offers for the most part only general objections to the R&R, although he does allege that his appointed appellate counsel has engaged in a conspiracy to deprive him of his constitutional rights, including by failing to file an appeal from his convictions, and that this civil rights action may therefore proceed under 42 U.S.C. § 1985, as filed. (Objs. at 1, 3). Indeed, a public defender may be sued for conspiring with a state actor. *See Garcia v. Li*, 16-17460, 2017 U.S. App. LEXIS 8855, at *7 n.3 (11th Cir. May 22, 2017) ("A public defender can be held liable under § 1983 'if [s]he conspired with someone who did act under color of state

AO 72A
(Rev.8/82)

law.'" (quoting *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985))). But Plaintiff offers no evidence of a conspiracy. (*See* Compl. at 3 (alleging only that Defendant has violated his rights "in bad faith and for purposes of conspiracy with the STATE OF GEORGIA (Public Defender Standards Council Appellant Division), to knowingly and willfully falsify writings, statements, and documents, in order to deprive [him] of his constitutional rights . . . and any success in his appeal process, and to hamper the overturning of his unlawful conviction and sentence")). This Court may not, based solely on the foregoing speculation, interfere in Plaintiff's state court appellate proceedings, as he has requested. (*See id.* at 3-4; R&R at 4); *see also Li*, 2017 U.S. App. LEXIS 8855, at *7 & n.3 (affirming frivolity dismissal of plaintiff's conspiracy claim because the complaint "offered no facts showing a conspiracy, and under Federal Rule of Civil Procedure 8, [a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do" (citation and internal quotations omitted)). Plaintiff's objections (Doc. 5) are therefore **OVERRULED**.

Conclusion

Finding no basis for granting Plaintiff's objections and no plain error in the remainder of the R&R, the Court **ADOPTS** the Magistrate Judge's Order and Final

Report and Recommendation (Doc. 3) as the Opinion and Order of the Court. Plaintiff's complaint is **DISMISSED**.

**IT IS SO ORDERED** this ___24___ day of July, 2017.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE